IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **ELIZABETH COATES**, an individual,<br>**KELLY HICKMAN**, an individual,<br>**ELAINA SIGAFOOSE**, an individual,<br>**DARLENE ANDERSON**, an individual,<br>**STEPHANIE BRENDEN**, an individual,<br><br>        Plaintiffs,<br><br>    v.<br><br>**LEGACY HEALTH**, a corporation,<br><br>        Defendant. | No. 3:23-cv-00931-JR<br><br>OPINION AND ORDER |

**BAGGIO, J.**,

On July 16, 2024, Magistrate Judge Jolie A. Russo issued her Findings and Recommendation ("F&R"), recommending that this Court grant Defendant Legacy Health's ("Defendant") Motion to Dismiss. The Court ADOPTS in part.

The magistrate judge makes only recommendations to the court, to which any party may file written objections. 28 U.S.C. § 636(b)(1)(C). If a party objects, the court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendation to which objection is made." *Id.* The court is not, however, required to review, de novo or under any other standard, the factual or legal conclusions of the magistrate judge as to

1 – OPINION AND ORDER

those portions of the F&R to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *United States v. Ramos*, 65 F.4th 427, 433 (9th Cir. 2023). While the level of scrutiny that the court applies to its F&R review depends on whether a party has filed objections, the court is free to accept, reject, or modify any part of the F&R. 28 U.S.C. § 636(b)(1)(C); *see also Thomas*, 474 U.S. at 154.

## BACKGROUND

Plaintiffs Elizabeth Coates, Kelly Hickman, Elaina Sigafoose, Darlene Anderson, and Stephanie Brenden (collectively, "Plaintiffs") brought this action against Defendant alleging religious discrimination in violation of 42 U.S.C. § 2000e et. seq. ("Title VII") and Oregon Revised Statute ("O.R.S.") § 659A.030. FAC [ECF 27], ¶¶ 34-47. Plaintiffs are healthcare workers who Defendant employed when Defendant implemented and enforced a workplace COVID-19 vaccine mandate. *Id*. ¶ 5. Plaintiffs sought religious exemptions to the vaccine mandate. *Id*. ¶¶ 7, 9, 13, 17, 20-23. Defendant denied Plaintiffs' religious exemption requests. *Id*. ¶¶ 7, 9, 14, 17, 27. Plaintiffs allege that Defendant has not explained why it denied each of the Plaintiffs' requested religious exemptions or "why, in [Defendant's] view, after nearly two years of being able to work without incident during the pandemic, that Plaintiffs suddenly created an unacceptable health and safety risk necessitating them being placed on unpaid administrative leave, followed by termination." *Id*. at ¶¶ 31.

Defendant moved to dismiss Plaintiffs' complaint in its entirety due to insufficient factual allegations. In response, Plaintiffs' counsel produced the religious exemption request for each Plaintiff. Subsequently, Defendant withdrew its challenge as to Plaintiffs Coates and Anderson's claims, each of whom relied on the alleged use of aborted fetal cells in the vaccine's development in seeking a religious exemption. The Court granted Defendant's motion as to Plaintiffs Hickman,

Sigafoose, and Brenden's claims. *See generally Coates v. Legacy Health*, 2024 WL 1181827 (D. Or. Jan. 8, 2024), adopted by 2024 WL 1177124 (D. Or. Mar. 19, 2024).

Plaintiffs subsequently filed their first amended complaint ("FAC").[1] Thereafter, Defendant moved to partially dismiss Plaintiffs FAC pursuant to Fed. R. Civ. 12(b)(6). Def.'s Mot. Dismiss [ECF 29] 2.

In her F&R, Judge Russo granted Defendant's motion as to Plaintiffs Hickman, Sigafoose, and Brenden's failure to accommodate claims, Plaintiffs' disparate impact claims, Plaintiffs' retaliation claims, Plaintiffs' pattern or practice claims, and Plaintiffs' hostile work environment claims. F&R [ECF 34] 12, 15, 17, 18, 20. Such that only Plaintiffs Coates and Anderson's failure to accommodate claims remain. F&R 21.

Plaintiffs objected to the findings and recommendation that this Court should dismiss Plaintiffs Hickman, Sigafoose, and Brenden's failure to accommodate claims. Pls.' Obj. to Findings & Recommendation ("Pls.' Objs.") [ECF 39]. The Court reviews Plaintiffs objections *de novo*.

## STANDARD

Where the plaintiff "fails to state a claim upon which relief can be granted," the court must dismiss the action. Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint must contain sufficient factual matter that "state[s] a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible

---

[1] The FAC includes three amendments. First, the FAC incorporates in part, the exemption requests of Plaintiffs Hickman, Sigafoose, and Brenden. *Compare generally* Compl. [ECF 1] *and* Janzen Decl. [ECF 12], *with* FAC. Second, the FAC provides additional allegations in relation to Plaintiff Brenden's objection to vaccines based on her pro-life religious belief, allegations that Defendant did not ask Plaintiffs any follow-up questions, and allegations that Defendant sent constant emails reminding Plaintiffs to get vaccinated. FAC ¶¶ 23-25. Lastly, the FAC asserts new theories, namely – wrongful termination, disparate treatment and disparate impact, wrongful reduction in pay, retaliation, failure to provide reasonable accommodations, company-wide, or systemic discriminatory patterns or practice, and hostile work environment. FAC ¶¶ 39, 46.

3 – OPINION AND ORDER

on its face when the factual allegations allow the court to infer the defendant's liability based on the alleged conduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). The factual allegations must present more than "the mere possibility of misconduct." *Id.* at 678.

When considering a motion to dismiss, the court must accept all allegations of material fact as true and construe those facts in the light most favorable to the non-movant. *Burgert v. Lokelani Bernice Pauahi Bishop Tr.*, 200 F.3d 661, 663 (9th Cir. 2000). But the court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555.

## DISCUSSION

Defendant argues that Plaintiffs Hickman, Sigafoose, and Brenden failed to plead prima facie cases of employment discrimination under Title VII, 42 U.S.C. § 2000e, and O.R.S. § 659A.030(1)(a).[2] FAC ¶¶ 34-47. Title VII makes it unlawful for an employer to discharge an employee because of their religion. 42 U.S.C. § 2000e-2(a)(1); *Heller v. EBB Auto Co.*, 8 F.3d 1433, 1437 (9th Cir. 1993). The term "religion" encompasses all aspects of religious practice and belief. 42 U.S.C. § 2000e(j); *Peterson v. Hewlett-Packard Co.*, 358 F.3d 599, 602 (9th Cir. 2004). Title VII failure-to accommodate claims are "analyzed under a burden-shifting framework." *Bolden-Hardge v. Office of Cal. State Controller*, 63 F.4th 1215, 1223 (9th Cir. 2023). A plaintiff must first plead a prima facie case of religious discrimination. *Tiano v. Dillard Dep't Stores, Inc.*, 139 F.3d 679, 681 (9th Cir. 1998). If an employee articulates a prima facie case, the burden shifts to the employer to show that it made good-faith efforts to reasonably accommodate the religious practice or that it could not accommodate without undue hardship. *Id*.

---

[2] Claims brought under O.R.S. § 659A.030(1)(a) are analyzed under the same framework as claims brought under Title VII. *See Pullom v. U.S. Bakery*, 477 F. Supp. 2d 1093, 1100 (D. Or. 2007) ("Because O.R.S. 659A.030 is modeled after Title VII, plaintiff's state law discrimination claim can be analyzed together with her federal discrimination claim.") (*citing Heller*, 8 F.3d at 1437 n. 2; *Winnett v. City of Portland*, 118 Or. App. 437, 905 (1993)).).

To establish religious discrimination under Title VII based on a failure to accommodate claim, a plaintiff must plead that: (1) she had a bona fide religious belief, the practice of which conflicts with an employment duty; (2) she informed her employer of the belief and conflict; and (3) the employer discharged her because of her inability to fulfill the job requirement. *Peterson*, 358 F.3d at 606; *Heller,* 8 F.3d at 1438. Defendant's motion to dismiss argues that Plaintiffs fail to plead facts sufficient to establish the first element.

A bona fide religious belief is one that is sincerely held. *Bolden-Hardge*, 63 F.4th at 1222-23; *see also* U.S. Equal Emp. Opportunity Comm'n, EEOC-CVG-2021-3, Section 12: Religious Discrimination, § 12–I(A)(2) (Jan. 15, 2021). Both the Supreme Court and Ninth Circuit have cautioned against second-guessing the reasonableness of an individual's asserted religious beliefs. *See e.g.*, *Burwell v. Hobby Lobby Stores, Inc.*, 573 U.S. 682, 725 (2014) ("The Court's narrow function is to determine whether the line drawn reflects an honest conviction.") (internal quotations and citations omitted) (cleaned-up); *Bolden-Hardge*, 63 F.4th at 1223 ("we do not interrogate the reasonableness of [plaintiff's] beliefs and instead focus our inquiry on whether she has alleged an actual conflict."). A court need not take "conclusory assertions of violations of religious beliefs at face value." *Bolden-Hardge*, 63 F.4th at 1223.

Specific to COVID-19 vaccination mandates, Title VII does not protect employees who object to vaccinations on purely economic, political, personal preferences, or for any other nonreligious concerns. *Detwiler v. Mid-Columbia Medical Center*, 2022 WL 19977290, at *4 (D. Or. 2022) (finding plaintiff's objection to regular COVID-19 antigen testing to be secular because they believed the tests were carcinogenic and would cause more harm than good); *Ruscitti v. Legacy Health*, No. 3:23-CV-00787-JR, 2023 WL 8007620 (D. Or. Sept. 27, 2023) ("the use of

5 – OPINION AND ORDER

religious vocabulary does not elevate a personal medical judgment to a matter of protected religion"), *report and recommendation adopted*, 2023 WL 8006269 (D. Or. Nov. 16, 2023).

Applying the above framework here, the Court finds that Plaintiffs Hickman, Sigafoose, and Brenden's allegations are sufficient to plead a bona fide religious belief in conflict with an employment duty.

Although Plaintiff Hickman alleges secular reasoning (e.g., distrust of the media and governing bodies), she additionally alleges that God will protect her body from COVID-19. FAC ¶ 9. She asserts that receiving the vaccine "violates [her] conviction that [her] body has been given to [her] by God and He has given [her body] all the tools it needs to protect itself . . ." *Id*. Accordingly, Plaintiff Hickman meets the minimal standard for pleading a sincere religious belief. *See Bolden-Hardge*, 63 F.4th at 1223.

Plaintiff Sigafoose alleges that she is writing with personal religious convictions that prevent her from receiving the COVID-19 vaccine including that her "body is a temple of the Holy Spirit . . ." FAC ¶ 13. Although Plaintiff Sigafoose states that her religious convictions are personal to her, at this stage she has plead the minimal standard for a sincere religious belief. *See Bolden-Hardge*, 63 F.4th at 1223.

Lastly, although Plaintiff Brenden acknowledges that "the Church does not prohibit the use of any vaccine[]", she further states that the Christian teaching has led her to decline the COVID-19 vaccine. FAC ¶ 22. She explains, that if "a Christian comes to an informed and sure judgment in conscience that he or she should not receive a vaccine, then the Church requires that the person follow this certain judgment of conscience and refuse the vaccine." *Id*. Again, while minimal,

Plaintiff Brenden has pled that she expressed a religious conflict with receiving the COVID-19 vaccine to her employer.[3] *See Bolden-Hardge*, 63 F.4th at 1223.

Development of the factual record may demonstrate in detail Plaintiffs Hickman, Sigafoose, and Brenden's religious relationship, if any, to the requirement to receive the COVID-19 vaccine, at this stage in the proceedings, however, the minimal pleadings are sufficient to state a claim. *Quinn v. Legacy Health*, No. 3:23-CV-03331-JR, 2024 WL 620344, at *2 (D. Or. Feb. 13, 2024) (finding that plaintiff met the minimal standard by stating she is a Christian and has a duty to "protect the physical integrity of [her] body"); *Thompson v. Asante Health Sys.*, No. 1:23-CV-00486-CL, 2023 WL 7348812, at *3-4 (D. Or. Sept. 21, 2023) (finding that although plaintiffs' explanations were "quite minimal," such as the statement that "[t]aking this vaccination goes against my core beliefs as a Christian," plaintiffs had adequately alleged a sincerely held religious belief), *report and recommendation adopted*, 2023 WL 7326496 (D. Or. Nov. 7, 2023). Such allegations are enough to "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged" and is more than a "threadbare recital[] of a cause of action's elements, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 663.

In sum, Plaintiffs Hickman, Sigafoose, and Brenden have alleged a religious belief and a conflict between that belief and the COVID-19 vaccination. This is sufficient to state a claim.

## CONCLUSION

For the foregoing reasons, the Court ADOPTS in part Judge Russo's Findings and Recommendation [34]. Accordingly, Defendant's Motion to Dismiss [29], is GRANTED in part and DENIED in part. Plaintiffs' disparate impact, retaliation, pattern or practice, and hostile work

---

[3] Plaintiff Brenden also "objects to the vaccines because they were developed or manufactured using tissue from aborted fetuses [which] is in direct conflict with her ardent pro-life religious beliefs." FAC ¶ 23. The FAC does not allege that she notified Defendant of her anti-abortion stance. Accordingly, she fails to establish the second element of religious discrimination under Title VII based on a failure to accommodate claim as to her anti-abortion stance.

7 – OPINION AND ORDER

environment claims are DISMISSED. Plaintiffs' failure to accommodate claims remain—as to all Plaintiffs. Any motion to amend the operative complaint must conform with this Order and must be filed within thirty days of the date that this Order is filed.

 IT IS SO ORDERED.

 DATED this  3rd  day of October, 2024.

                _Amy M. Baggio_
                Amy M. Baggio
                United States District Judge

8 – OPINION AND ORDER